UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
AT LAW AND IN ADMIRALTY

**00-6097**

CIGNA INSURANCE COMPANY
OF EUROPE S.A.-N.V.

CASE NO. _____

**CIV-DIMITROULEAS**

FLORIDA BAR NO. 218421

Plaintiff,

v.

FIRST SOUTH DEVELOPMENT
AND INVESTMENT LTD., and
WILLIAM STOVER,

**MAGISTRATE JUDGE
JOHNSON**

CLARENCE MADDOX
CLERK USDC / SDFL / FTL

**00-6097**

Defendants.

_____/

## COMPLAINT FOR RECISSION AND DECLARATORY JUDGMENT

COMES NOW the Plaintiff, CIGNA INSURANCE COMPANY OF EUROPE (hereinafter "CIGNA EUROPE"), by and through their undersigned attorneys, and herewith files this, their Complaint for Recission and for Declaratory Judgment against Defendants, FIRST SOUTH DEVELOPMENT AND INVESTMENT LTD. (hereinafter "FIRST SOUTH") and WILLIAM STOVER (hereinafter "STOVER"), and would show as follows:

### JURISDICTION & VENUE

1.    This matter seeks recission and the declaration of rights and liabilities under a marine insurance contract.  Jurisdiction is predicated upon 28 USC § 1333, Admiralty (interpretation of a marine insurance contract); 28 USC § 1332, Diversity of Citizenship (strict diversity, Plaintiff, CIGNA EUROPE, citizen



Belgium - no principal place of business in U.S.; Defendant, FIRST SOUTH, citizen Cayman, no principal place of business in Florida; Defendant, STOVER, Florida citizen; and amount in controversy in excess of $3,000,000.00); and 28 USC § 2201, Declaratory Judgments (adjudicate rights of parties under marine insurance contract).

2.    The amount in controversy exceeds Three Million Dollars ($3,000,000.00) excluding costs and interest.

3.    At all times material hereto the Plaintiff, CIGNA INSURANCE COMPANY OF EUROPE S.A.-N.V. (hereinafter "CIGNA EUROPE") was formed under the laws of Belgium, and conducts business in London, England.   CIGNA EUROPE does not do business in Florida, nor does it maintain a principle place of business anywhere in the United States.

4.    CIGNA EUROPE is an alien insurer not licensed or authorized to write insurance in Florida.  The policy of insurance which is the subject matter of this action was not written, issued or delivered in Florida.

5.    At all times material hereto, the Defendant, FIRST SOUTH DEVELOPMENT AND INVESTMENT LTD. (hereinafter "FIRST SOUTH") was and is a corporation formed under the laws of the Cayman Islands with its principal place of business at Cayman Business Park, Grand Cayman, Cayman Islands, British West Indies.

6.    At all times material, FIRST SOUTH does not conduct business in Florida, is not registered to do business in Florida, has no offices in Florida, and does not have a Florida sales tax number and upon information and belief does not pay taxes in the U.S. or file U.S. income tax or state tax.

7.    At all times material hereto, FIRST SOUTH DEVELOPMENT owned a 116 foot 1993 Mondomarine Italian motor yacht named "BASIL'S."

8.    At all times material hereto the M/Y BASIL'S was a foreign flagged vessel. The M/Y BASIL'S flew the British flag with a hailing port of Georgetown, Grand Cayman. The vessel was registered according to the laws of the Cayman Islands, a British Crown Colony and was not registered in the State of Florida.

9.    At all times material hereto, Defendant, WILLIAM STOVER (hereinafter "STOVER") is a citizen of the United States and Florida and with his principal residence in Hillsborough, Florida.

10.    On August 6, 1999 STOVER on behalf of himself and FIRST SOUTH submitted a Sworn Proof of Loss to CIGNA EUROPE claiming $3,500,000.00 as the result of a July 25, 1999 fire loss to the M/V BASIL'S (copy of the Proof of Loss is attached as Exhibit "A").

11.    Venue is appropriate in the Southern District of Florida since it is the legal residence of Defendant, STOVER. Venue is further appropriate as a result

of the institute service of suit clause (U.S.A.) Form CL355 attached to the policy of insurance issued by CIGNA EUROPE which provides,

> "It is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America ..."

12.    The Southern District of Florida is a convenient forum to all parties in as much as WILLIAM STOVER is a citizen of Florida and the principal witnesses either reside or frequent the district and the remains of the vessel are currently stored within the district.

13.    The covernote (Exhibit "B") was issued subject to the MAR 91 form which provides,

> "The insurance shall be subject to the exclusive jurisdiction of the English Courts, except as may be expressly provided herein to the contrary."

14.    The policy contains an Institute Service of Suit clause CL355 in which CIGNA EUROPE agrees to in personam jurisdiction in the United States but does not waive the substantive law of England.

15.    The contract of insurance was negotiated and made in London between a London based insurer and the Insured's English agent.

16.    The subject of the insurance was a British flagged vessel. The claim arose in Bahamian waters.

17.   In the event of claim, performance under the contract would take place in England by payment of settlement of funds from CIGNA EUROPE to the Insured's insurance broker, Crawley Warren & Company, Ltd., which is consistent with English practice and procedure.

## **COMMON FACTS**

18.   On July 1, 1999, STOVER on behalf of the owner FIRST SOUTH, signed a C.A. Hanson application for insurance requesting insurance coverage upon the 116 foot 1993 Mondo Marine Italian motor yacht named "BASIL'S," official number 7230394.  The FIRST SOUTH application for insurance signed by STOVER on behalf of FIRST SOUTH was given to C.A. Hansen, FIRST SOUTH's insurance broker.  A copy of said application is attached hereto as Exhibit "C."

19.   For reasons unknown and not within the control of Plaintiff, CIGNA EUROPE, the application for insurance was transmitted to Crawley Warren & Company, Ltd., for placement.

20.   Crawley Warren & Company, Ltd., are London insurance brokers organized under the laws of Great Britain with its principal place of business in London, England.

21.   Crawley Warren & Company, Ltd., as agents of FIRST SOUTH submitted the application in person to CIGNA EUROPE at its offices in London.

22.    Thereafter, the policy was negotiated between CIGNA EUROPE and the Insured's agent, Crawley Warren & Company, Ltd., in London, England.

23.    Neither Crawley Warren & Company, Ltd., nor C.A. Hansen had authority from CIGNA EUROPE to bind coverage on the M/Y BASIL'S.

24.    Relying upon the contents of the application, CIGNA EUROPE agreed to insurance the M/Y BASIL'S in the amount of Three Million Five Hundred Thousand Dollars ($3,500,000.00).

25.    Crawley Warren & Company, Ltd.,as customary in the London market, issued a covernote to C.A. Hansen endorsing the M/Y BASIL'S onto an existing covernote MH995605. Copies of written communication from Crawley Warren & Company, Ltd., to C.A. Hansen confirming CIGNA EUROPE's acceptance were transmitted via facsimile July 2nd and July 7th, which are attached hereto and made a part hereof and marked Exhibits "D" and "E".

26.    The Crawley Warren & Company, Ltd., covernote was transmitted from London, England to C.A. Hansen in Florida, whereupon C.A. Hansen issued endorsement number 2 to its covernote which added the BASIL'S to an existing covernote, MH995605. A copy of this covernote is attached hereto and made a part hereof and marked Exhibit "B".

27.    On July 21, 1999 C.A. Hansen mailed the endorsement adding the vessel to FIRST SOUTH and STOVER. The endorsement was mailed to STOVER and

FIRST SOUTH at Post Office Box 14280, Greensboro, North Carolina 27415, which is the Insured's address on the policy application.

28.    The vessel's declared captain and mate were citizens of the Bahamas.

29.    On or about July 25, 1999 the M/Y BASIL'S departed Chub Key, Bahamas whereupon she shortly caught fire, burned to the waterline and sank within the territorial waters of the Bahamas.

30.    The Insureds, FIRST SOUTH and STOVER, have filed a claim under the insurance policy issued by CIGNA EUROPE, a copy of which is attached and marked Exhibit "F".

<u>COUNT I - RECISSION</u>
<u>MISREPRESENTATION</u>

31.    The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

32.    The application signed on July 1, 1999 signed by STOVER on behalf of himself and as beneficial owner of FIRST SOUTH (Exhibit "C") made the following affirmative material representations of fact relied upon by CIGNA EUROPE

   a)    "ANY LOSSES BY OWNER AND/OR CAPTAIN: Dec. 1996 - Loss in Fiji $2,700,000 autopilot malfunction and vessel grounded."

   b)    "PURCHASE PRICE: $3,500,000"

   c)    "CONDITION/CLASSIFICATION: Bureau Veritas"

    d)     "CREW 3 full-time/2 part-time Robert Patton - Captain, Wentzel Rolle - Mate, Anthony Faraone - Engineer."

    e)     "VESSEL USE: Private pleasure, occasional charter."

33.   The representations described in paragraph 32, above, were false, incomplete, misleading and/or failed to disclose material facts.

34.   If a truthful and complete disclosure were made the following would have been recited on the application:

    a)    Loss history would have included the following seven losses for the M/Y BASIL'S in the 11 months preceding the application submitted to CIGNA EUROPE:

        i.      August 2, 1998 - Allison by M/V Collshine, hull loss was approximately $70,000.00 - lost charter hire $141,000.00.

        ii.     October 10, 1998 - Wake damage to tender and swim platform. Approximate loss $11,000.00.

        iii.    December 22, 1998 - Grounding - damage to shafts and props of approximately $13,000.00.

        iv.    December 24, 1998 - Grounding - damage to shafts and propellers of approximately $20,000.00.

        v.     December 24, 1998 - Allision with sailboat, unknown losses.

        vi.    April 23, 1999 - Grounding - damage to propellers, shafts and shaft logs of approximately $37,000.00.

vii.    June 15, 1999 - Grounding - damage to propellers of approximately $4,000.00.

b)    Purchase price was $2,875,000.00 not $3,500,000.00.

c)    The vessel was not classed as evidenced by Bureau Veritas letter of December 21, 1998 (attached as Exhibit "F") and the vessel had a non-functional $CO_2$ system and non-functional alarm system.

d)    Crew - no full-time, all part-time - vessel sailed without engineer.

e)    The insured vessel was held exclusively for re-sale, the insured was acting in the capacity of a boat dealer/trader, and the vessel was entered into the U.S. solely for the purpose of sale and for no other use.

35.    The misrepresentations/nondisclosures were material to both the acceptance of the risk and the terms upon which the risk was accepted.

36.    If the true facts had been disclosed to CIGNA EUROPE the policy of insurance would not have been issued.    Alternately, the individual misrepresentations would have resulted with the policy issued under different terms.

37.    The misrepresentations justify recission.

38.    CIGNA EUROPE seeks recission of the marine insurance contract premised upon material misrepresentations of:

a)   Loss history;

b)   Purchase price;

c)   Condition/classification;

d)   Crew; and

e)   Use.

39.   The premium has been tendered.

40.   CIGNA EUROPE would not have accepted the risk or written it under the same terms or conditions had truthful disclosures been made.

## COUNT II - DECLARATORY JUDGMENT
## BREACH OF DUTY TO DISCLOSE

41.   The Plaintiff readopts and realleges each and every preceding allegations and would further allege as follows:

42.   The Insured's London broker, Crawley Warren & Company, Ltd., attached the following language of the covernote:

"Underwriters require disclosure of all material facts relating to this contract and may have grounds for voiding the contract if the information provided or agreed by you was incomplete or inaccurate.   There is an ongoing obligation during the period of the contract for you to disclose any changes in the information provided.   If you

are in any doubt whether a fact is material you should disclose it."

43.    C.A. Hansen, the Insured's U.S. broker, included the following language on its covernote sent to the Insureds:

> "Every proposer when seeking new insurance or renewing an existing policy must disclose any information which might influence the Underwriters in deciding whether or not to accept the risk, what the terms should be, or what premium to charge. Insurance contracts being subject to a duty of the utmost good faith, failure to do so may render the insurance voidable from inception and enable the Underwriters to repudiate liability.
>
> This covernote is our advice to you that a contract of insurance has been effected with the Underwriters shown, using information with information which you have provided or agreed."

44.    The untruthful statements, misrepresentations, nondisclosures and concealment by the Insureds contained within the application of insurance involving purchase price, loss history, classification of the vessel and crew violated the Insured's duty of utmost good faith.

45.   As a consequence of the Insured's untruthful statement, misrepresentations, nondisclosures and concealment of material facts, the doctrine of utmost good faith has been breached.  CIGNA EUROPE seeks recission of the policy.

46.   Return premium has been tendered.

## COUNT III - DECLARATORY JUDGMENT
## BREACH OF CONTRACT

47.   The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

48.   The policy of insurance provided,

> "This entire Policy shall be void if the Assured or their representative has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Assured therein . . ."

49.   The Insureds breached the misrepresentation section of the policy cited above by concealing or misrepresenting material facts or circumstances concerning this insurance regarding purchase price, prior loss history, condition/classification and crew.

50.   The breaches are material and renders the policy void from the inception.

51.   The Insured has been tendered the return premium.

## COUNT IV - DECLARATORY JUDGMENT
## UNSEAWORTHINESS/VOYAGE

52.   The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

53.   Where, with the privity of the Insured, a vessel is sent to sea in an unseaworthy state, the insurer is not liable for any loss attributable to unseaworthiness.

54.   The M/Y BASIL'S set sail from Chub Key, Bahamas on July 25, 1999.  The vessel's intended destination was Ft. Lauderdale, Florida which required an open water crossing of approximately 125 nautical miles.

55.   The vessel when it broke ground on its voyage was unseaworthy.  The unseaworthiness was caused by, but not limited to, the following:

   a.   Insufficient crew.

   b.   Incompetent crew.

   c.   Nonfunctional fire alarm system.

   d.   Nonfunctional fire suppression system.

   e.   Lack of maintenance.

56.   At all times material, the Insureds knew, should have known, were on notice of or turned a blind eye to the unseaworthy conditions.

57.    The total loss of the vessel was attributable to the unseaworthy conditions or, alternately, the unseaworthy either contributed or played a substantial part in bringing about the total loss of the M/Y BASIL'S.

### COUNT V - DECLARATORY JUDGMENT
### UNSEAWORTHINESS/INCEPTION

58.    The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

59.    The vessel was unseaworthy at the inception of the policy.

60.    The unseaworthiness was caused by, but not limited to, the following:

    a.    Insufficient crew.

    b.    Incompetent crew.

    c.    Nonfunctional fire alarm system.

    d.    Nonfunctional fire suppression system.

    e.    Lack of maintenance.

61.    The unseaworthy conditions existed prior to the commencement of the policy on July 1, 1999 and continued uncorrected until the date of the loss, July 25, 1999.

62.    The vessel was never in a seaworthy condition at any time from the inception date of the policy to the date of the loss.

## COUNT IX - PROOF OF LOSS

63.    The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

64.    On August 6, 1999 the Insureds submitted a sworn Proof of Loss to CIGNA EUROPE, a copy of the Proof of Loss is attached hereto, made a part hereof and marked Exhibit "A".

65.    Within the Proof of Loss the Insureds represented under oath that,

> "Upon commencement of the voyage during which the fire occurred, and at all relevant times, the vessel was in all respects seaworthy, properly manned, equipped and supplied."

66.    The above statements were untrue.

67.    The vessel was not seaworthy, properly manned or properly equipped as a result of insufficiency of crew, incompetent crew, inoperative fire alarm system, inoperative fire suppression system and/or the condition and maintenance of the vessel.

68.    The policy of insurance contains the following provision,

> "This entire Policy shall be void . . . in the case of fraud or false swearing by the Assured touching any matter relating to this insurance or the subject thereof whether before or after a loss."

69.   The Defendant's breach of the policy provision set forth above renders the policy void ab initio and/or entitles the Plaintiff to rescind the policy.

70.   The Insured has been tendered the return premium.

## COUNT VI - DECLARATORY JUDGMENT
## POLICY EXCLUSION

71.   The Plaintiff readopts and realleges each and every preceding allegation and would further allege as follows:

72.   The policy contained the following exclusion applicable to the Hull Coverages,

"Any losses or damage directly or indirectly caused by or inconsequence of the willful or intentional acts of the Assured or negligence of the Assured in maintaining the vessel, whether ashore or afloat."

73.   At all times material the vessel was either intentionally or negligently maintained, the maintenance of which was attributable to the total loss of the M/Y Basil's

74.   The failure of the vessel to be properly maintained violates the above cited exclusion.

75.   The policy does not provide coverage as a result of effect of exclusions.

## COMMON TO ALL COUNTS

76.   As a result of the aforesaid breach of the terms of the policy, misrepresentations, concealments, nondisclosure and unseaworthiness, the

Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverages afforded under policy MH995605. Until such times as the Plaintiff is able to have its rights and responsibilities under the Marine Insurance Policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of said policy.

77.    As a result of the Insured's demands for payment under the terms of the policy of Marine Insurance attached hereto, and as a result of the Insured's aforesaid breaches and violation of warranties described herein, a real and justiciable issue exists with respects to the existence of valuable rights under the terms of the policy of Marine Insurance, and a bonafide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

a.    Declaring that the relationship of insurer does not exist between Plaintiff and Defendants as a regard of the July 25, 1999 loss in which the vessel was damaged and then rendered a constructive total loss.

b.    Declaring that Plaintiff's policy does not afford coverage to the loss of July 25, 1999 in which the Insured vessel was damaged and then was rendered a constructive total loss.

c.  Declaring that the Defendants, FIRST SOUTH and STOVER's, material misrepresentations, concealment and/or failure to disclose material information as described herein voids the Plaintiff's policy of Marine Insurance ab initio and relieves the Plaintiff from any and all liability to said Defendants under the terms of said policy of Marine Insurance and allows the Plaintiff to rescind the said policy.

d.  Declaring the motor yacht BASIL'S unseaworthy, either at the inception of the policy or upon breaking ground for her last voyage with the privity or knowledge of the Insured, and which said unseaworthiness was attributable to the loss which thereby relieves the Plaintiff of any and all obligation to indemnify the Defendants under the terms of the policy of Marine Insurance.

e.  Declaring that Defendant, BRANCH BANKING AND TRUST, is a mere loss payee with no greater or additional rights than that of Defendants, FIRST SOUTH and STOVER.

f.  All such other and further relief as the Court may deem proper in the circumstances.

Dated this 20TH day of January, 2000.

Respectfully submitted,

FERTIG AND GRAMLING
Attorney for Plaintiff, CIGNA
INSURANCE COMPANY OF
EUROPE S.A.-N.V.
200 S.E. 13th Street
Ft. Lauderdale, Florida 33316
Phone: (954) 763-5020
Fax: (954) 763-5412

Christopher R. Fertig
Florida Bar No. 218421

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

CIGNA INSURANCE COMPANY OF EUROPE
S.A.-N.V.

**DEFENDANTS**

FIRST SOUTH DEVELOPMENT AND
INVESTMENT, LTD. AND WILLIAM
STOVER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF London, England
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cayman Islands
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

00-6097
CIV-DIMITROULEAS
MAGISTRATE JUDGE
JOHNSON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fertig & Gramling, 200 S.E. 13th St.
Ft. Lauderdale, Florida 33316
(954) 763-5020

ATTORNEYS (IF KNOWN)

Holland & Knight,
P.O. Box 52687, Jacksonville, FL 32201

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

☐ 2 U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                                 AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Misrepresentation/breach of marine insurance contract.

LENGTH OF TRIAL
via 10 days estimated for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 1/20/00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 518352    AMOUNT $150.00    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___