UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
AT LAW AND IN ADMIRALTY

ACE INSURANCE COMPANY S.A.-N.V.  CASE NO. 00-6097
(FORMERLY KNOWN AS CIGNA INSURANCE  JUDGE DIMITROULEAS
COMPANY OF EUROPE S.A.-N.V.),  FLORIDA BAR NO. 218421

                Plaintiff,

v.

FIRST SOUTH DEVELOPMENT AND
INVESTMENT LTD., and
WILLIAM STOVER,

                Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
FOR A STAY OF PROCEEDINGS**

Plaintiff ACE Insurance Company S.A.-N.V., formerly known as CIGNA Insurance Company of Europe S.A.-N.V. (hereinafter "ACE"), by and through its undersigned counsel, hereby opposes the Motion of defendants First South Development and Investment Ltd. (hereinafter "First South") and William Stover (hereinafter "Stover") to Dismiss or, in the Alternative, for a Stay of Proceedings. ACE opposes defendants' Motion for the reasons set forth in the accompanying Memorandum of Law.

In opposition to the paragraphed averments stated in defendants' Motion, ACE incorporates herein its Memorandum of Law, as if fully set forth at length, and also states as follows:

1.     Denied as stated. It is admitted only that ACE issued a policy of marine insurance to First South and Stover; that the terms, conditions and exclusions of said policy speak for

PBH. 127986.1

themselves; and that the vessel insured under the marine insurance contract at issue, pursuant to an endorsement to the policy, is the M/Y BASIL'S, a 116 foot motor yacht built in 1993 which, at all times material hereto, has been owned by First South, a Cayman Islands corporation. By way of further response, First South does not conduct business in Florida, is not registered to do business in Florida, and has no offices in Florida. At all times material hereto, M/Y BASIL'S flew the British flag with a hailing port of Georgetown, Grand Cayman, and was registered according to the laws of the Cayman Islands, a British Crown Colony. M/Y BASIL'S was not registered in Florida.

2. Admitted, with the exception that the loss is not a covered loss under the policy of marine insurance at issue, for the reasons set forth in ACE's Complaint for Rescission and for Declaratory Judgment.

3. Denied as stated. It is admitted only that defendants submitted the referenced items to ACE on or about the indicated dates. It is denied, for reasons more fully set forth in ACE's Complaint, that such items satisfied policy requirements or otherwise gave rise to any obligation on the part of ACE to afford coverage to defendants under the policy.

4, 5. Admitted.

6. Denied as stated. It is admitted only that, in response to the Notice of Loss defendants submitted on July 26, 1999 and the "Proof of Loss" defendants submitted on August 6, 1999 in respect of the July 25, 1999 fire and sinking of the M/Y BASIL'S -- a vessel on which defendants had placed $3.5 million of insurance -- ACE advised defendants on August 17, 1999 that it was investigating the loss and therefore did not accept that defendants had satisfactorily proved the loss. In this regard ACE's August 17, 1999 letter speaks for itself. It is denied that such advice

by ACE breached any obligations on the part of ACE under the policy. To the contrary, for reasons more fully set forth in ACE's Complaint, defendants are not entitled to coverage in respect of the loss at issue.

7, 8.   Denied, for the reasons previously set forth in response to the averments of paragraph 6 of defendants' Motion.

9.   Denied, for the reasons previously set forth in response to the averments of paragraph 6 of defendants' Motion. By way of further response, the "Complaint" which defendants filed in state court on October 11, 1999 was simply a sham filing designed to secure a premature docketing in state court since, at that time, there was no justiciable controversy between the parties, nor was there any legally cognizable cause of action against ACE. Indeed, even defendants did not attempt to contend in their October 11, 1999 "Complaint" that there was any obligation on the part of ACE to pay their claim until November 4, 1999 (24 days later). Moreover, even defendants recognized that their state court filing was actually a sham pleading since they chose to <u>withhold</u> service of their so-called "Complaint" until January 25, 2000, following their receipt of ACE's Complaint.

10, 11.   Denied as stated. For reasons more fully set forth in ACE's Complaint filed in this Court on January 20, 2000, it is denied that defendants ever had any entitlement to coverage under the marine insurance contract at issue.

12.   It is admitted that First South and Stover accepted service of ACE's Complaint on or about the indicated date. It is also admitted that on January 26, 2000, First South and Stover filed in state court what they designated as an "Amended and Supplemental Complaint," and that on

January 25, 2000 First South and Stover purported to serve said "Amended and Supplemental Complaint" on ACE, as well as the October 11, 1999 "Complaint" and Summons which they had previously chosen to withhold from service after attempting to secure the premature docketing in state court which they hoped their sham filing would provide. As set forth in the accompanying Memorandum of Law, on February 22, 2000, ACE filed in state court a Motion to Strike defendants' sham "Complaint" and "Amended and Supplemental Complaint" as legally invalid and requested a stay of the state court action in light of the proceedings in this Court. ACE's Motion is presently pending in state court.

13. For reasons set forth in the accompanying Memorandum of Law, it is denied that defendants have provided any legally valid reason why ACE's Complaint should be dismissed or stayed. Neither the "Service of Suit" Clause mistakenly relied upon by defendants as support for their position, nor the cited Florida statutory provision has any application to these proceedings. Moreover, contrary to defendants' contention, the parties' dispute over the marine insurance contract at issue is not one as to which a federal court should defer to a state court. This case presents a dispute governed by federal maritime law issues which a federal court should decide. Because the parties' dispute does not involve only the ventilation of questions of state law, as defendants' Motion seeks to suggest, this is not a case that "can better be settled" in the state court action commenced by defendants. Rather, it is for this Court, not the state court, to hear and resolve the issues of federal law raised by ACE's Complaint.

WHEREFORE, for all the foregoing reasons, and for the reasons set forth in the accompanying Memorandum of Law, ACE respectfully requests this Court to deny defendants' Motion to Dismiss or, in the Alternative, for a Stay of Proceedings.

Respectfully submitted,

FERTIG & GRAMLING
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Tel: (954) 763-5020
Fax: (954) 763-5412

By: _____
Christopher R. Fertig
Florida Bar No. 218421

Attorneys for Plaintiff
ACE Insurance Company S.A.-N.V.
(formerly known as CIGNA Insurance
Company of Europe S.A.-N.V.)

Of Counsel:

PALMER BIEZUP & HENDERSON LLP
Michael B. McCauley
H. Coleman Switkay
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106
Tel: (215) 625-9900
Fax: (215) 625-0185

DATED: April 3, 2000