UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6097-CIV-DIMITROULEAS

ACE-USA INSURANCE COMPANY
OF EUROPE S.A.-N.V.,

    Plaintiff,

vs.

FIRST SOUTH DEVELOPMENT AND
INVESTMENT LTD., WILLIAM STOVER,
and BRANCH BANKING AND TRUST,

    Defendants.
_____/

## ORDER ON DEFENDANTS MOTION
## TO DISMISS OR IN THE ALTERNATIVE
## MOTION FOR A STAY OF PROCEEDINGS

THIS CAUSE is before the Court upon Defendants, First South Development and Investment Ltd. and William Stover's Motion to Dismiss or, in the Alternative, for a Stay of Proceedings, filed herein on March 3, 2000. The Court has carefully considered the motion, and is otherwise fully advised in the premises.

## I. BACKGROUND

On July 1, 1999, Defendant Stover signed an application for insurance, on behalf of the owner of the M/Y "Basil's, First South. The M/Y Basil's flew the British flag, with a hailing port of Georgetown, Grand Cayman. Crawley Warren & Company, insurance brokers, as agents of First South, submitted the application in person to Plaintiff, Ace Insurance Company, formerly known as Cigna Insurance Company of Europe. Plaintiff maintains its principle place of business in London, England. Relying on the contents of the application, Cigna Europe agreed

1



to insure the M/Y Basil's in the amount of Three Million Five Hundred Thousand Dollars ($3,500,000). The M/Y Basil's was a 116' motor yacht, built in 1993. Plaintiff issued a policy covering the M/Y Basil's from July 1, 1999, through May 1, 2000.

On August 6, 1999, Stover submitted a Sworn Proof of Loss to Plaintiff, making a claim to the three million, five hundred thousand dollars, as the result of a July 25, 1999 fire loss to the M/Y Basil's during a voyage from Chub Cay, Bahamas, to Fort Lauderdale, Florida. The fire and subsequent sinking resulted in the total loss of the vessel.

Defendants filed a claim in state circuit court, Broward County, Florida, on October 11, 1999, as an anticipatory breach claim, based on Plaintiff's rejection of their proof of loss. Plaintiff was served with the state court Complaint on January 25, 2000.

Plaintiff filed this Claim on January 20, 2000, seeking: 1) Recission, Misrepresentation; 2) Declaratory Judgment, Breach of Duty to Disclose; 3) Declaratory Judgment, Breach of Contract; 4) Declaratory Judgment, Unseaworthiness/Voyage; 5) Declaratory Judgment, Unseaworthiness/Inception; 6) Proof of Loss; and 7) Declaratory Judgment/Policy Exclusion. Plaintiff is requesting such relief because Defendants breached their duty of "utmost good faith" under the federal maritime doctrine of "uberrimae fidei" as a result of material misrepresentations and non-disclosures when obtaining the policy.

Defendants filed this Motion to Dismiss or, in the Alternative, For a Stay of Proceedings, claiming that the insurance policy gives the insureds the right to choose the forum. Defendants also claim Plaintiff is prevented by Florida law from filing suit in Florida, and this Court should exercise its discretion to dismiss this action in favor of the pending state court action.

Plaintiff responds to the Motion by arguing that Defendants' reliance on the "service of suit" clause is improper because the parties agreed upon a different clause, and the clause itself

lacks the requisite language specifying exclusivity of jurisdiction. Plaintiff additionally argues that the statute Defendants rely on is inapplicable, and the dispute is governed by Federal maritime law.

## II. DISCUSSION

It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)). There must be a showing that the plaintiff has no claim before granting a motion to dismiss. June Vernon and Delroy Vernon v. Medical Management Associates of Margate, Inc., 912 F.Supp. 1549 (S.D.Fla. 1996).

Defendants' first argument centers around the service of suit clause which Defendants claim gives them the right to choose the forum. They rely on Section "F", "Service of Suit" clause in the agreement, which states: "It is agreed that in the event of the failure of the Assurers to pay any amount claimed to be due hereunder, the Assurers, at the request of the Assured (or Reinsured) will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction..." Defendants argue, however, that the Covernote, attached to the front of the insurance policy, specifically delineates a separate clause, titled "Institute Service of Suit Clause (USA) CL.355, which supersedes Section F as the applicable service of suit clause. Policy Cover Note at 2. The amended clause includes a statement that, "[N]otwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence

an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to remove an action...or seek remand..." Institute Service of Suit Clause (U.S.A.) CL. 355.

Clauses such as the service of suit clause in the present action are part of a contract, and principles of contract interpretation apply. See In re Delta America RE Insurance Co., 900 F.2d 890 (6th Cir. 1990). In interpreting contracts, "we generally start by attempting to discern the intent of the parties. We also generally resolve ambiguities against the drafter." Id. at 892.

Plaintiff claims that the Service of Suit Clause CL. 355 superseded the Section F Service of Suit Clause. However, "[i]t is a venerable principle of contract law that the provisions of a contract should be construed so as to give every provision meaning." Florida Polk County v. Prison Health Services, Inc., 170 F.3d 1081, 1084 (11th Cir. 1999). The insurance policy, attached to the Complaint, does not mention that Clause CL. 355 contradicts or supersedes Section F. Additionally, the clauses are not altogether contradictory.

"The traditional service of suit clause gives one party the right to force the other to submit to the jurisdiction of the court that the first party has filed a suit in." Aegon Insurance Company, LTD. v. Willamina Lumber Company, 844 F.Supp. 332, 333 (S.D. Tex. 1994); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). Defendants in the present action filed their suit first in the State Court. Additionally, construing the policy against Plaintiff, the drafter, and including all of the provisions not expressly excluded, the clauses state that Plaintiff will "comply with all requirements necessary" to give the state court jurisdiction to all matters arising in the claim. The Court notes that it appears, however, that Plaintiff has not waived its right to remove. "[T]he right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal." In re Delta, 900 F.2d at 892. Clause CL. 355 expressly reserves

Plaintiff's right to remove, although such removal may presently be untimely.

Plaintiff relies on Citro Florida, for the proposition that the Eleventh Circuit only enforces "those clauses that unambiguously designate(s) the forum in which the parties must enforce their rights under the contract." Florida Polk County, 170 F.3d at 1083 n. 8; (citing) Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231 (11th Cir. 1985). However, the Court in Citro Florida, found that the "forum selection clause in this case is ambiguous concerning the exclusive nature of the provision." Citro Florida, 760 F.2d at 1232. The Court found that "when a contract provision is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." Id. at 1232; (citing) Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir. 1974). Therefore, Plaintiff's contention is not always applicable. CL 355 authorizes Plaintiff to commence this action in this court.

Next, in considering the ordinary application of service of suit clauses and the interpretation of the insurance policy against Plaintiff, the Court must determine whether or not dismissal or stay is appropriate in this action. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, 316 U.S. at 495. The Brillhart abstention doctrine "now clearly applicable to declaratory judgment actions...gives the district court broader discretion to determine' whether and when to entertain an action..., even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'" Youell v. Exxon Corp, 74 F.3d 373, 375 (2nd Cir. 1996). Some factors in determining whether to dismiss a declaratory judgment action

include: 1) whether the claims can be better settled in the state proceeding; 2) whether the district court should examine the scope of the parallel state litigation; 3) nature of the defenses; 4) whether the claims of all of the parties can be satisfactorily adjudicated; and 5) whether all of the parties may be joined and amenable to process. Id. at 375-76.

The present action can be better settled in the state courts. Defendants seek damages for Plaintiff's breach of the insurance policy. Therefore, the separate claims can be more properly handled in the state court than this declaratory judgment, and Plaintiff in this action would be able to defend itself accordingly. The scope of the parallel state litigation would be similar to this action, except Defendants would receive their damages if successful, while Plaintiff would still be able to determine its rights under the policy. All of the parties in interest would have the ability to adjudicate their claims in the state action, and all of the parties would be joined and be amenable to process, by virtue of the express language of the insurance policy.

Plaintiff argues that this declaratory judgment involves important issues of federal maritime law. Specifically, Plaintiff argues that this action involves the firmly entrenched doctrine of "uberrimae fidei" and the implied warranty of seaworthiness. This action is similar to that of a Western District of Washington case, except that the state action in that case was not filed first. In that case, "[t]he federal issues include(d) the doctrines of uberrimae fidei and unseaworthiness. Plaintiffs, however, concede(d)...that state law would control the important issue of the relationship between the insurance brokers and underwriters." John Deere Insurance Company v. Smith Lighterage Company, Inc., 948 F.Supp. 947, 949 (W.D. Was. 1996). The Court found that any questions of federal law paled in comparison to the state law claims. Id. At 949. The Court noted that "the issues present in this declaratory judgment action do not mandate the creation of new federal law, and because state law issues predominate, abstention is proper."

Id. at 949.

The absence of the need to create new federal law distinguishes this case from Youell. That action involved the Exxon Valdeez, and the spillage of 10.8 million gallons of oil into Prince William Sound. The Court determined that Youell contained a federal question of first impression, and that the significance of formulating a rule in federal maritime law was enough to overcome dismissal or stay of the action. Youell, 74 F.3d 373.

This action does not involve a novel issue of law for the federal courts. The Court notes that Plaintiff in this action, in an attempt to secure the forum of its choice, did not communicate its coverage decision until January 20, 2000, the same day it initiated this action. Additionally, the dismissal of this case in favor of the first filed state court action would aid in the avoidance of piecemeal litigation and differing decisions.

This Court shall decline to determine the applicability of this action in regards to § 626.903, Florida Statutes.

### III. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss is hereby **GRANTED**. Defendant's Motion to Stay is hereby **DENIED**, as moot. The Court notes that Plaintiff will not be prejudiced, due to the fact that it may properly and completely adjudicate and defend its rights in the state action;

2. The above-styled action is hereby **DISMISSED** with prejudice;

3. The Clerk of This Court is directed to deny all pending motions as moot; and

4. This case is closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18 day of April, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

J. Raul Cosio, Esq.
Christopher R. Fertig, Esq.